IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY EASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-1698 |
| | ) |
| DEL MONTE FOODS, as successor to H.J. Heinz Corporation, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion to Compel. (Docket No. 14). The facts surrounding the Motion do not appear to be in dispute. On May 28, 2004, Plaintiff filed a charge with the EEOC. On April 29, 2005, Defendant served Plaintiff with its Objections and Responses to Plaintiff's First Request for Production of Documents. Over 1,800 documents were produced at that time. Included therein were notes written by Lisa Sennett, a Human Resource Manager, bearing bates stamp numbers DMF-EAS 00415-00441. Documents bearing bates stamp number DMF-EAS 00435-00441 are notes taken by Ms. Sennett on June 29, 2004, as noted on the first page of the hand written notes. *See,* Docket No. 14, Ex. C. The notes were taken at the direction of in-house counsel to prepare a response to the EEOC charge.

On document bearing bates stamp number DMF-EAS 00438, Ms. Sennett writes:

✓ email when we interviewed Patty DeBonis

☆ try to show we offered job before KE applied

*See,* Docket No. 14, Ex. C.

Plaintiff's deposition began on June 20, 2004. Ms. Sennett was present at this deposition. At the deposition, Plaintiff referred to the notes on DMF-EAS 000438. No objections were made at that time. On July 1, 2004, Plaintiff's deposition continued. There, again, Plaintiff referenced the notes and DMF-EAS 00438 was marked as Deposition Exhibit No. 36. No objections were made at this point.

On July 14, 2005, Defendant's counsel met with Ms. Sennett, presumably to prepare for her deposition. It was at this meeting that Defendant's counsel learned that the June 29, 2004, notes were prepared at in-house counsel's request. That day, Defendant's counsel wrote a letter to Plaintiff's counsel requesting the return of the "inadvertently produced" documents on the basis of the work product doctrine. On July 15, 2005, at Ms. Sennett's deposition, Defendant's counsel refused to permit Ms. Sennett to respond to any questions relating to the documents with bates stamp numbers DMF-EAS 00435-00441. Plaintiff's counsel has returned some of the inadvertently produced documents, but has refused to return the June 29, 2004, documents bearing bates stamp numbers DMF-EAS 00435-00441. On August 2, 205, Plaintiff's counsel filed the instant Motion seeking an order compelling Ms. Sennett to testify regarding document bearing bates stamp number DMF-EAS 00435-441.

Assuming that the documents are protected by the work product doctrine, I must apply the five factors balancing test to determine whether the inadvertent disclosure waived the privilege:

> (1) the reasonableness of the precautions taken by the disclosing party to prevent inadvertent disclosure;
> (2) the time taken to rectify the error;
> (3) the scope of discovery;
> (4) the extent of the disclosure; and
> (5) equitable consideration.

*In re Grand Jury (Impounded),* 138 F.3d 978, 981 (3d Cir. 1998); *U.S. v. Keystone Sanitation Co., Inc.*, 885 F.Supp. 672, 676 (M.D.Pa. 1994). With regard to the reasonableness of the precautions taken to prevent the disclosure, I find that 1,800 pages of documents are not so voluminous, especially given the fact that Defendant's counsel requested and secured an extra week to produce the same. Moreover, I am not persuaded by Defendant's counsel that there was nothing on the face of the documents that could reasonably put her on notice. To the contrary, the notes are dated June 29, 2004, which is a month after the EEOC charge was filed, thereby providing a time reference for defense counsel. *See,* Docket No. 14, Ex. C. Thus, the first factor weighs in favor of waiver.

The second factor looks at the time taken to rectify the error. The disclosure occurred on April 29, 2005. It was brought up at Plaintiff's deposition on June 20, 2004, while Ms. Sennett was present, without any objection or further consideration. It was brought up again at Plaintiff's continued deposition on July 1, 2004, again

3

without objection or further consideration. It was not until July 14, 2004, when defense counsel was preparing Ms. Sennett for her deposition, that defense counsel wrote to Plaintiff's counsel requesting the return of the documents based on the work product doctrine. On August 2, 2005, judicial intervention was sought by the filing of a Motion to Compel. (Docket No. 14). I note that it is Plaintiff's counsel who is seeking to compel the deposition of Ms. Sennett regarding the documents. Defense counsel still has not sought judicial intervention by way of a motion or protective order to recover the documents. Consequently, this factor tips in favor of waiver.

With regard to the scope and extent of the disclosure, I note that while the disputed documents are small in number, the information therein is potentially far-reaching. As a result, these factors weighs in favor of waiver.

The last factor, equity, also weighs in favor of waiver. If Plaintiff's version is to be believed, the information contained in the documents is evidence of an attempt to cover-up discriminatory conduct. Consequently, to exclude such evidence, which is now known to the parties, would be inequitable, especially given the fact that Defendant can always allow Ms. Sennett to explain what she meant when she wrote the relevant statements on cross examination.

When balancing these factors together, I find that they weigh in favor of waiver. Consequently, I find that the work product privilege regarding documents bearing bates stamp numbers DMF-EAS 00435-00441 has been waived.

THEREFORE, this **11th** day of August, 2004, upon consideration of Plaintiff's

Motion to Compel (Docket No. 14), it is ordered that said Motion is granted. It is further ordered that Ms. Sennett is directed to testify regarding the contents of the notes contained in the documents bearing bates stamp numbers DMF-EAS 00435-00441.

BY THE COURT:

/S/Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge